**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

October 10, 2019

Albert M. Greto, Esquire
Greto Law
715 N. Tatnall Street
Wilmington, Delaware 19801

Jeffrey M. Weiner, Esquire
1332 King Street
Wilmington, Delaware 19801

David E. Ross, Esquire
R. Garrett Rice, Esquire
Ross Aronstam & Moritz, LLP
100 S. West Street, Suite 400
Wilmington, Delaware 19801

> **Re:** *Michael Ciabattoni v. Teamsters Local 326, et al.,*
> **Case No.: N15C-04-059 VLM**

Dear Counsel:

This is the Court's decision on Plaintiff's Amended Motion for an Order Directing Facebook to Produce Evidence Destroyed by Defendants. After consideration of all pleadings, the oral arguments on August 15, 2019, and the last supplemental response from August 28, 2019, for the reasons state below, Plaintiff's Amended Motion for an Order Directing Facebook to Produce Evidence Destroyed by Defendants is **GRANTED.**

### Factual and Procedural Background[1]

On April 15, 2019, Plaintiff filed a second request to obtain evidence from Non-party Facebook, Inc. ("Facebook").[2] Both Defendant and Facebook opposed. On July 15, 2019, Plaintiffs filed the Expert Report of Charles J. Glasser.[3] Oral arguments were heard on August 15, 2019 at which time the Court directed Facebook to respond to the Glasser Report. Facebook filed a supplemental response on August 28.

Plaintiff contends that the Teamsters, or others working in concert with, created a new Facebook page entitled "Bring the IBT to FedEx Freight" and deleted the Facebook page entitled "Bring the Teamsters to FedEx Freight."[4] Plaintiff claims that only Facebook can provide the deleted evidence that he seeks, including the identity, IP addresses, and information about the persons with roles on the deleted Facebook page, as well as identifying and contact information for the new Facebook page.[5] Plaintiff argues that he is able to make the requisite *prima facie* showing under *Doe v. Cahill*.[6] This Court agrees.

### Standard of Review

Delaware Superior Court Civil Rule 26 generally controls discovery in a civil case.[7] "Parties may seek discovery of any non-privileged, relevant matter, as well as information reasonable calculated to lead to the discovery of admissible evidence."[8] However, Rule 26(b)(1) states that the Court shall limit the extent of

---

[1] The Court's recitation is based on Plaintiff's Motion for an Order Directing Facebook to Produce Evidence Destroyed by Defendants filed on April 15, 2019, Non-Party Facebook, Inc.'s Opposition to Plaintiff's Amended Motion filed on April 24, 2019, Oral Argument on Plaintiff's Amended Motion heard on August 15, 2019, and Non-Party Facebook, Inc.'s Supplemental Response to Plaintiff's Amended Motion filed on August 28, 2019.

[2] This Court denied a prior Motion for an Order Directing Facebook to Produce Evidence Destroyed by Defendants on February 22, 2019.

[3] Plaintiff's Rule 26 Expert Identification and Disclosure, Exhibits A, B [hereinafter "The Glasser Report"].

[4] Plaintiff's Amended Motion for an Order Directing Facebook to Produce Evidence Destroyed by Defendants at ¶ 3 [hereinafter "Pl.'s Am. Mot."].

[5] *Id.* at ¶ 7.

[6] 884 A.2d 451. 456 (Del. 2005) (finding that that in order to obtain such information about an unknown internet user a plaintiff must (1) undertake reasonable efforts to notify the speaker about his or her request for disclosure; and (2) satisfy a summary judgment standard by submitting sufficient evidence to create "a genuine issue of material fact for all elements of a defamation claim *within the plaintiff's control*.") (emphasis added).

[7] *See* Del. Super. Ct. R. 26.

[8] *Huff Fund Inv. P'Ship v. CKX, Inc.*, 2012 WL 3552687, at *1 (Del. Ch. Aug. 15, 2012).

discovery if it determines that, "[t]he discovery sought is unreasonably cumulative or duplicative . . . is obtainable from some other source that is more convenient, less burdensome, or less expensive . . . [or] is unduly burdensome or expensive . . . ."[9] Furthermore, parties must "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena."[10]

### *Discussion*

In a prior ruling in February, the Court denied a similar request from Plaintiff, and agreed with Facebook that (1) Plaintiff had not exhausted discovery from the Facebook page administrators and (2) Plaintiff had not satisfied the *Doe v. Cahill* First Amendment standard for obtaining information about anonymous internet users.[11]

Plaintiff's counsel has since attempted to or has deposed individuals associated with the Teamsters to obtain the identity of the administrators and the person(s) who made the allegedly defamatory posts. His efforts have been unsuccessful and the Court finds that Plaintiff has exhausted all other avenues available to acquire the requested information. Based on the representation that the individuals he sought to depose no longer have access to the deleted Facebook page, and the substantive information contained in the Glasser Report, this Court also finds that Plaintiff has sufficiently satisfied the summary judgment standard under *Cahill* and satisfied his *prima facie* burden.

Plaintiff's Amended Motion for an Order Directing Facebook to Produce Evidence Destroyed by Defendants is **GRANTED**. Facebook is ordered to produce any and all available data including, but not limited to: (1) non-content identifying information (*i.e.*, name, phone number, email address, and an IP address) for the administrator(s) of the Teamsters Page in 2017; and (2) similar non-content identifying information for the current administrator(s) of the "Bring the IBT to Fed Ex Freight" page.

Vivian L. Medinilla
Judge

---

[9] Del. Super. Ct. Civ. R. 26(b)(1)(i)–(iii).
[10] Del. Super. Ct. Civ. R. 45(c)(1).
[11] *See generally Cahill*, 884 A.2d 451 (Del. 2005).

3